IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN HOCKENBERRY,<br>  Plaintiff,<br><br>v.<br><br>STEVEN CAMPBELL, *et al.*,<br>  Defendants. | Case No. 3:25-cv-03264-JEH |

**Merit Review Order**

Plaintiff Kevin Hockenberry, proceeding *pro se* and currently incarcerated at Menard Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

Plaintiff files suit against Warden Steven Campbell, Food Superintendent Arborgast, Food Supervisor/Correctional Officer Downey, Physician Assistant Tim Adesanya, Wexford Health, Medical Supervisor Stephanie Howard, Assistant

1

Warden Denessa Armstrong, ADA Director Heather Rhoades, and Nurses Camra Lynch, Lyndsie Rosentreter, and Josh Moronitz.

Plaintiff's Complaint includes a plethora of claims. Plaintiff alleges he is deaf and mute and uses American Sign Language ("ASL") to communicate. At Graham Correction Center ("Graham"), Plaintiff alleges he was denied accommodations for his disability under the Americans with Disabilities Act ("ADA").

Plaintiff alleges Defendant Howard does not allow Plaintiff's assigned translator, Carlos Rosado, to attend medical appointments with Plaintiff. As a result, Plaintiff is unable to communicate with healthcare providers.

Plaintiff claims Defendants Lynch, Rosentreter, and Moronitz harass him. Specifically, Plaintiff alleges they tell him that he is not deaf, refuse to look at what he writes down, and send him to Defendant Adesanya because they know Defendant Adesanya refuses to communicate with Plaintiff.

Plaintiff alleges Defendants Adesanya and Howard refused to provide the medications Dr. Cole prescribed for Plaintiff's blood clotting disease, psoriasis, and other medical conditions. Plaintiff claims Defendant Adesanya discontinued his prescription for a cane and foot brace.

Plaintiff alleges he was sent to a specialist, who confirmed he is deaf. Despite this confirmation, Defendants Rhoades, Armstrong, Howard, and an unknown correctional officer continue to deny him ADA accommodations.

Plaintiff alleges Defendant Campbell calls him derogatory names, makes racial slurs, and spread a rumor that Plaintiff was a child molester, which caused another inmate to assault him.

Plaintiff alleges Defendant Downey wrote him a disciplinary ticket for stealing an apple. Plaintiff claims he was denied witnesses and an ASL translator at the disciplinary hearing.

Plaintiff alleges Defendant Arborgast denied him a kosher vegan diet and refused to comply with permits regarding Plaintiff's food allergies.

## II

Plaintiff's claims are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will give Plaintiff leave to file an Amended Complaint within thirty days from the entry of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

## III

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to

Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff states he contacted seven attorneys, but he does not indicate if he received a response. (Doc. 5 at p. 1). Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Plaintiff's Motion to Request Counsel is DENIED, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

**1)    According to the Court's merit review under 28 U.S.C. § 1915A, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff shall have 30 days from the entry of this Order to file an Amended Complaint. Plaintiff's Amended Complaint will replace Plaintiff's original Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim, this matter will be dismissed with prejudice.**

**2)    Plaintiff's Complaint and the Illinois Department of Corrections' website indicate that Plaintiff is located at Menard Correctional Center. The Clerk is directed to update Plaintiff's address on the docket.**

**3)    Plaintiff's Motion to Request Counsel [5] is DENIED.**

  **4) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and, if released from detention, Plaintiff's phone number. Failure to do so will result in dismissal of this case, with prejudice.**

<i>It is so ordered.</i>

Entered: October 9, 2025

   <u>s/Jonathan E. Hawley</u>
    U.S. District Judge